IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM McFADDEN, | * | |
| Petitioner, | * | Criminal Action No. RDB-16-0087 |
| v. | * | Civil No. RDB-21-2612 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## MEMORANDUM OPINION

On March 9, 2016, a federal grand jury issued a nineteen-count Indictment charging Petitioner William McFadden ("Petitioner" or "McFadden") and three co-conspirators for their involvement in a string of robberies of gas stations and other businesses in 2015 (Indictment 1–20, ECF No. 1.) On July 9, 2018, Petitioner pleaded guilty to one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), and one count of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (Rearraignment 1, ECF No. 310.) On September 6, 2018, this Court sentenced McFadden to a term of imprisonment of 228 months followed by three years of supervised release. (Judgment 2–3, ECF No. 322.)

Now pending is McFadden's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 361.) In support of this motion, Petitioner alleges ineffective assistance of counsel, arguing that his defense attorney should have challenged this Court's designation of Petitioner as a career offender at sentencing and on appeal. (*Id.* at 5–6.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6

(D. Md. 2021). For the following reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 361) is **DENIED.**

## BACKGROUND

On March 9, 2016, a federal grand jury issued an Indictment charging Petitioner William McFadden and three co-Defendants—Marcus Cureton, Taeqwon Prater, and Kevin Reynolds—with nineteen counts arising from their involvement in a string of armed gas station robberies that occurred in 2015. (Indictment 1–20.)[1] McFadden was arrested on May 17, 2016. (*See* Arrest Warrant, ECF No. 8.) On December 19, 2017, a federal grand jury issued a Superseding Indictment charging McFadden with Hobbs Act Robbery, attempted Hobbs Act Robbery, conspiracy to commit Hobbs Act Robbery, Possession of a Firearm and Ammunition by a Felon, and Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence. (Superseding Indictment 1–15, ECF No. 231.) McFadden ultimately pleaded guilty without a written agreement to Count 12, alleging Hobbs Act Robbery in violation of 18 U.S.C. §1951(a); and Count 13, charging McFadden with Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c). (Rearraignment 1.) The remaining counts were dismissed. (Judgment 1.)

During McFadden's sentencing on September 6, 2018, the Court identified McFadden as a career offender under Section 4B.1 of the United States Sentencing Guidelines, due to the immediate offense and six prior felony convictions for Maryland armed robbery. (Sentencing

---

[1] These counts include Hobbs Act Robbery, conspiracy to commit Hobbs Act Robbery, Possession of a Firearm and Ammunition by a Felon, and Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence. (Indictment 1–20.)

Hr'g Tr. 20–21, ECF No. 365 *SEALED*; Presentence Investigation Report ("PSR") ¶¶ 63–68, 120, ECF No. 316) This classification yielded a guideline range of 292 to 365 months' imprisonment. (PSR ¶ 120.) In reaching its sentencing decision, this Court considered the factors laid out in 18 U.S.C. § 3553(a) and the sentences of McFadden's co-defendants. (Sentencing Hr'g Tr. 47–49.) This Court ultimately sentenced McFadden to 144 months on Count 12 and 84 months on Count 13, to be served consecutively for a total of 228 months' imprisonment. (*Id.*; Judgment 2.)

McFadden filed a timely Notice of Appeal on September 7, 2018 (ECF. No 324), and the United States Court of Appeals for the Fourth Circuit affirmed the District Court's decision on April 15, 2020. (ECF No. 344.) McFadden filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on September 23, 2021. (ECF No. 361.)[2] This motion is now pending.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may move to vacate, set aside, or correct his sentence on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose the sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) "the sentence 'is otherwise subjected to collateral attack.'" *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (quoting 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack

---

[2] *Pro se* petitions are deemed filed at the time the prisoner gave the document to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Petitioner's exhibits show that he gave his petition to prison officials on September 23, 2021, and that it was mailed on September 24, 2021. (*See* McFadden Affidavit, ECF No. 361-1; Mailing Envelope, ECF No. 361-3.) The Government concedes this point. (Gov't Opp. to Pet'r Mot. 10, ECF No. 363.)

unless the claimed error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show[s] cause and actual prejudice resulting from the errors of which he complains." *United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999).

## PROCEDURAL ISSUES

The Government contends that McFadden failed to file his Motion to Vacate, Set Aside, or Correct Sentence in a timely manner. (Gov't Opp. to Pet'r Mot. 9, ECF No. 363.) Under 28 U.S.C. § 2255(f), such a motion has a 1-year period of limitation, which runs from the latest of the following: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed," if the petitioner was prevented from doing so due to government action; (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Both McFadden and the Government agree that the period of limitations in this case began to run when judgment became final. (Gov't Opp. 10; Pet'r Reply to Opp. 2, ECF No. 369.) The United States Court of Appeals for the Fourth Circuit entered judgment on April 15, 2020, affirming this Court's decision. (ECF No. 344.) As Petitioner declined to submit a petition for certiorari with the Supreme Court, that judgment became final on July 14, 2020—ninety days after the Fourth Circuit issued its judgment. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (holding that a federal criminal conviction becomes final, for the purposes of calculating the one-year § 2255 filing deadline, when the time for submitting a petition for certiorari expires). Under 28 U.S.C. § 2255(f)(1), Petitioner was required to file his motion by July 14, 2021, but failed to do so until September 23, 2021.[3] The Court recognizes that Petitioner experienced delays receiving court documents such as sentencing hearing transcripts. In the interest of fairness, the Court will proceed to consider Petitioner's motion on the merits.[4] *See United States v. Prescott*, 221 F.3d 686, 687–88 (4th Cir. 2000) (holding that the one-year limitations period in § 2255 is not a jurisdictional bar); *see also Estremera v. United States*, 724 F.3d 773, 775 (7th Cir. 2013) (holding that there is "no necessary priority" for considering non-jurisdictional issues, and that it is permissible to reach the merits on a motion to vacate without first resolving a limitations issue).

---

[3] *See supra* note 2.

[4] The Government also argues that Petitioner failed to adhere to Rule 2(b)(5) of the Rules Governing § 2255 Proceedings, which requires § 2255 motions to "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." (Gov't Opp. 12.) Petitioner signed the affidavit attached to his motion under penalty of perjury but did not do so for the motion itself. (*See* McFadden Affidavit, ECF No. 361-1.) However, as the Government concedes, this alone is not a ground for dismissal. *Cf. United States v. Lopez*, 570 F. App'x 291, 292 (4th Cir. 2014) (referring to commentary to the Rules and noting that the appropriate remedy is "allow[ing] the movant to bring his motion into conformity with the rules rather than dismissing the motion outright" (citing *Kafo v. United States*, 467 F.3d 1063, 1069–71 (7th Cir. 2006))). The Court therefore declines to dismiss Petitioner's motion on this ground and proceeds on the merits.

## ANALYSIS

Through the instant motion, Petitioner argues that this Court should vacate, set aside, or correct his sentence because he received ineffective assistance of counsel during sentencing and on appeal. (Pet'r Mot. 2 ECF No. 361.) McFadden alleges that his attorney was ineffective in failing to investigate applicable law and argue, at sentencing and on appeal, that neither his instant conviction for Hobbs Act Robbery nor his six prior convictions for Maryland armed robbery constitute crimes of violence pursuant to Section 4B1.2 of the United States Sentencing Guidelines. (*Id.* at 5–10.) For the reasons stated below, McFadden's argument fails.

A freestanding ineffective assistance of counsel claim may be properly asserted for the first time in a § 2255 motion. *United States v. DeFusco*, 949 F.2d 114, 120–21 (4th Cir. 1991). To set forth a Sixth Amendment claim for ineffective assistance of counsel, the petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires the petitioner to show: (1) "that counsel's performance was deficient;" and (2) "that the deficient performance prejudiced the defense." 466 U.S. at 687. In applying *Strickland*, it is unnecessary to address both prongs if the petitioner makes "an insufficient showing on one." *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be denied solely on a deficiency in either the "prejudice" prong or the "performance" prong. *See Strickland*, 466 U.S. at 697.

### I.    Alleged Deficient Performance

McFadden has not carried his burden to show that his attorney's performance was deficient at sentencing or on appeal. The "performance" prong requires a showing that counsel's representation fell below an "objective standard of reasonableness." *Id.* at 687–88.

In making this determination, this Court applies "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *see Yarbrough v. Johnson*, 520 F.3d 329, 337 (4th Cir. 2008) (highlighting importance of avoiding "the distorting effects of hindsight" (quoting *Strickland*, 466 U.S. at 689)). Counsel's performance must be "evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of reasonableness is highly deferential." *United States v. Roane*, 378 F.3d 382, 404–05 (4th Cir. 2004) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)).

McFadden claims that his attorney failed to investigate whether his Hobbs Act Robbery conviction constitutes a crime of violence under U.S.S.G. § 4B1.2. (Pet'r Mot. 5–6.) McFadden acknowledges that no Fourth Circuit authority supported such an argument at the time of his sentencing but argues that Sixth and Tenth Circuit cases provided the foundation for this challenge to his career offender designation. (*Id.*; Pet'r Reply 5–6.) As the Fourth Circuit noted in *Winston v. Pearson*, 683 F.3d 489 (4th Cir. 2012):

> [D]eference to the decisions of counsel is not limitless. Attorneys have a duty to investigate their client's case so as to enable them to make professional decisions that merit distinction as "informed legal choices." *See Elmore v. Ozmint*, 661 F.3d 783, 858 (4th Cir. 2011). Genuinely evaluating tactical options is a necessity, and "[c]ounsel's lack of preparation and research cannot be considered the result of deliberate, informed trial strategy." *Hyman v. Aiken*, 824 F.2d 1405, 1416 (4th Cir.1987). The strong presumption that counsel's choices were part of an overarching strategy "does not overcome the failure of . . . attorneys . . . to be familiar with readily available documents necessary to an understanding of their client's case." *Id.*

683 F.3d at 504–05. Nevertheless, ineffective assistance of counsel claims are to be "evaluated in the light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017) (citing *Winston*, 683 F.3d at 504). "A lawyer does not perform deficiently by failing to raise novel arguments that are unsupported

by then-existing precedent." *United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019) (citing *United States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014)). A petitioner alleging ineffective assistance based on unsettled issues of law must show that "the relevant precedent strongly suggested that an objection was warranted." *Id.* at 826.

"[A]n attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." *Lenz v. Washington*, 444 F.3d 295, 307 (4th Cir. 2006) (quoting *Kornahrens v. Evatt,* 66 F.3d 1350, 1360 (4th Cir. 1995)). In *Honeycutt v. Mahoney*, 698 F.2d 213 (4th Cir. 1983), a habeas petitioner challenging his first-degree murder conviction argued that his attorney had rendered ineffective assistance by failing to object to jury instructions raising a presumption "that the killing was unlawful" and "that it was done with malice." 698 F.2d at 215–16. After Honeycutt's conviction, the Supreme Court held that these presumptions violate due process by shifting the burden of proof to the defense. *Mullaney v. Wilbur*, 421 U.S. 684, 703–04 (1975). Honeycutt argued that his attorney should have advanced such an argument and challenged the jury instructions, as this rule had been "foreshadowed" by the Supreme Court's holding in *In re Winship*, 397 U.S. 358 (1970), and the First Circuit had already held the instructions were unlawful in the appeal underlying *Mullaney*, *see Wilbur v. Mullaney*, 473 F.2d 943 (1st Cir. 1973). *Honeycutt,* 698 F.2d. at 216–17. The Fourth Circuit rejected this argument, holding that while *Winship* provided the foundation for *Mullaney*, an attorney "can hardly be labelled ineffective for his failure to perceive such an argument." *Id.* at 217. The court also rejected petitioner's reliance on First Circuit authority, reasoning that while "a criminal defense lawyer . . . is well advised to keep abreast of current trends in the law," counsel's "failure to raise every issue

which might have support from other jurisdictions constitutes ineffective assistance of counsel." *Id.*

Although counsel is not required to anticipate new legal developments, an attorney may be required to make arguments "in the absence of decisive precedent," such as instances where "there is relevant authority strongly suggesting that a sentencing enhancement is not proper." *Carthorne*, 878 F.3d at 465–66 (citing *Ramirez v. United States*, 799 F.3d 845, 855 (7th Cir. 2015); *United States v. Williamson*, 183 F.3d 458, 463 n.7 (5th Cir. 1999)). In *United States v. Carthorne*, 878 F.3d 458 (4th Cir. 2017), a petitioner appealed a district court's denial of his motion to vacate sentence, alleging that his attorney had rendered ineffective assistance by failing to challenge his career offender designation on the grounds that his prior conviction for Virginia assault and battery of a police officer did not constitute a crime of violence. 878 F.3d at 461–64. Vacating and remanding, the Fourth Circuit noted that its own precedent "at the time of Carthorne's sentencing raised an obvious issue regarding whether [assault and battery of a police officer] qualified as a crime of violence."[5] *Id.* at 468. The court held that "failure to raise an objection that would be apparent from a thorough investigation is a significant factor in evaluating counsel's performance," and concluded that Carthorne's attorney had rendered ineffective assistance by failing to object to the career offender enhancement. *Id.* at 467, 469–70. *Cf. Morris*, 917 F.3d at 825–27 (holding that attorney was not ineffective for failing to challenge career offender designation based on Seventh Circuit and D.C. Circuit caselaw, as there was "no authoritative precedent" on point).

---

[5] A year before Carthorne's sentencing, the Fourth Circuit held that Virginia common law assault and battery does not qualify as a crime of violence. *United States v. White,* 606 F.3d 144, 156 (4th Cir. 2010), *abrogated on other grounds by United States v. Castleman* 572 U.S. 157, 167–68 (2014).

As noted above, McFadden's argument under the "performance" prong is that his attorney failed to investigate whether his Hobbs Act Robbery conviction constitutes a crime of violence, and failed to challenge his career offender designation at sentencing or on appeal. (Pet'r Mot. 5–6.) In support of this argument, Petitioner observes that the Fourth Circuit has since held that Hobbs Act Robbery is not a "crime of violence" for the purposes of § 4B1.2 of the advisory guidelines. *See United States v. Green*, 996 F.3d 176, 184 (4th Cir. 2021). However, unlike in *Carthorne*, no contemporaneous Fourth Circuit precedent controlled this issue or "strongly suggested" that McFadden's career offender designation was incorrect. *Cf. Carthorne*, 878 F.3d at 468–69 (observing that controlling authority "raised serious questions [about] whether [the offense] qualified as a crime of violence under the Guidelines"). The Fourth Circuit did not release its *Green* decision until 2021, and at the time of McFadden's sentencing and appeal, no Fourth Circuit opinion supported the proposition that Hobbs Act Robbery does not categorically constitute a crime of violence under U.S.S.G. § 4B1.2. Absent "relevant precedent strongly suggest[ing] that an objection was warranted," *Morris*, 917 F.3d at 826, McFadden's attorney did not fail to "raise an objection that would be apparent from a thorough investigation" of controlling law. *Carthorne*, 878 F.3d at 467.

Analogizing *Honeycutt,* McFadden contends that the authority underlying the Fourth Circuit's *Green* decision was available to his attorney at sentencing and on appeal, including the Supreme Court's categorical analysis developed in cases such as *Descamps v. United States*, 570 U.S. 254, 260–65 (2013). (Pet'r Reply 5–6.) He also argues that cases from the Sixth and Tenth Circuits suggest that this analysis precluded a designation of his offense as a crime of violence. *See United States v. Camp*, 903 F.3d 594, 604 (6th Cir. 2018); *United States v. O'Connor*, 874 F.3d

1147, 1158–59 (10th Cir. 2017).[6] However, the "performance" prong of the *Strickland* standard is "highly deferential" to an attorney's strategic decisions. 466 U.S. at 689. As the Fourth Circuit observed in *Honeycutt*, this broad deference mandates that McFadden's attorney was not ineffective merely for failing to identify cases that "foreshadowed" the Fourth Circuit's *Green* decision, or for failing to raise arguments supported by Sixth or Tenth Circuit precedent. *See Honeycutt*, 698 F.2d at 216–17. Select cases from other jurisdictions are not enough to overcome this deference. *Morris*, 917 F.3d at 826. Nor is reliance on a broad principle of Supreme Court law that has not been applied to the circumstances at issue. *Cf. Honeycutt*, 698 F.2d at 216–17 (holding that *In re Winship* was not sufficient to "foreshadow" the unconstitutionality of the presumptions of malice and unlawfulness). Accordingly, counsel's failure to contest whether Hobbs Act Robbery constitutes a crime of violence does not bring his performance outside the "wide range of reasonable professional assistance" contemplated by *Strickland. See* 466 U.S. at 689; *Roane*, 378 F.3d at 404–05.

Petitioner also asserts that counsel's performance was deficient because he failed to argue that Petitioner's prior state robbery convictions do not constitute crimes of violence. (Pet'r Mot. 6–9.) In doing so, Petitioner references two Ninth Circuit cases in which the court held that the defendants' state robbery convictions did not constitute crimes of violence. *See United States v. Edling*, 895 F.3d 1153, 1158 (9th Cir. 2018) (addressing Nevada robbery); *United States v. Bankston*, 901 F.3d 1100, 1104 (9th Cir. 2018) (addressing California robbery). However, the California and Nevada robbery statutes define robbery in broader terms than

---

[6] Notably, the Sixth Circuit's *Camp* decision did not occur until after McFadden's sentencing and was therefore only available to his counsel on appeal. 903 F.3d 594.

the Maryland statute at issue in this case. Of particular note, the Nevada and California robbery statutes require an actual use of force or fear to person or property, whereas the Maryland robbery statute simply requires "force or threat of force." *Compare* Nev. Rev. Stat. § 200.380(1) (defining robbery, prior to 2019 amendments, as involving "means of force or violence or fear of injury . . . to his or her person, or property . . . ."), *and* Cal. Penal Code §§ 211–12 (requiring that robbery be "accomplished by means of force or fear" and defining fear as "fear of an unlawful injury to the person or property"), *with* Md. Code Ann., Crim. Law § 3-401 (defining robbery as involving "force or threat of force"). Accordingly, the Ninth Circuit cases Petitioner raises are not analogous. For the above reasons, McFadden has failed to satisfy the "performance" prong. Additionally, for the reasons that follow, McFadden also has failed to meet his burden under the "prejudice" prong.

## II.    Prejudice

The "prejudice" prong requires the petitioner to demonstrate that counsel's alleged errors deprived him of a fair trial. *Strickland*, 466 U.S. at 687. "To satisfy the second prong, a petitioner must show that 'there is a reasonable probability that, but for counsel's [alleged] errors, the result of the proceeding would have been different.'" *Mahdi v. Stirling*, 20 F.4th 846, 894 (4th Cir. 2021) (quoting *Strickland*, 466 U.S. at 694). More importantly, a petitioner faces a greater burden when he alleges ineffective assistance of counsel after a guilty plea has been entered. *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In such a case, petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

McFadden argues that counsel's failure to challenge his designation as a career offender prejudiced him in two ways. First, he argues that counsel's failure to make such arguments at sentencing burdened Petitioner with a higher "plain error" standard on appeal, rather than a lower "harmless error" standard. (Pet'r Mot. 9.) However, the Fourth Circuit's decision affirming McFadden's conviction and sentence concluded that "the district court did not err, let alone plainly err, in determining McFadden qualified as a career offender." *United States v. Prater*, 801 F. App'x 127, 129 (4th Cir. 2020).[7] Petitioner therefore fails to show how application of the lower "harmless error" standard would have resulted in a "reasonable probability" of a different outcome on appeal.

Second, McFadden contends that he would not have been designated and sentenced as a career offender if counsel had raised arguments about whether Hobbs Act Robbery and his prior convictions constitute crimes of violence. (Pet'r Reply to Opp. 4–5.) This argument is wholly without merit in light of the fact that he was sentenced *below the advisory guideline range*. The Government recommended against the sentencing guidelines range from the Presentence Investigation Report, which designated McFadden as a career offender and provided a guideline range of 292 to 365 months' imprisonment. (PSR ¶ 120; Sentencing Hr'g Tr. 24–25.) The Government contended that those guidelines were not appropriate to McFadden's case, and this Court agreed that the sentencing guidelines were "too severe." (Sentencing Hr'g Tr. 24–25, 48.) Instead, the Court considered the sentences of the other defendants and the 18 U.S.C. § 3553 sentencing factors to sentence McFadden to 228 months' imprisonment—a

---

[7] In *United States v. Prater*, the Fourth Circuit considered, and denied, the appeals of McFadden and his co-conspirator, Taeqwon Prater. 801 F. App'x 127.

result significantly below the advisory guideline range applicable to career offenders. (*Id.* at 48–49; Judgment 2.)

Third, and critically, Petitioner—who pleaded guilty to Hobbs Act Robbery and the 18 U.S.C. § 924(c) violation—fails entirely to argue that there was a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Cf. Hooper*, 845 F.2d at 475 (quoting *Hill*, 474 U.S. at 59). Although Petitioner argues that his sentence was calculated incorrectly, he nowhere claims that he would not have pleaded guilty absent this deficiency. He therefore fails to meet the heightened burden to show "prejudice" imposed on individuals who pleaded guilty to their offense. Accordingly, McFadden fails to show how counsel's alleged deficiencies prejudiced him at sentencing or on appeal. As Petitioner can establish neither "deficient performance" nor "prejudice," his ineffective assistance claim fails, and his Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 361) is **DENIED.**

### MOTION FOR STAY

McFadden's Motion to Vacate, Set Aside, or Correct Sentence includes a Motion to Stay. In support of this motion, Petitioner requests that the court grant him a stay while he proceeds with efforts to vacate his prior state convictions. (Pet'r Mot. 11.) As the instant motion is ripe for review and the possibility of post-conviction relief in the Maryland state courts is speculative, this Court **DENIES** Petitioner's Motion to Stay. However, this Court shall deny the Motion to Vacate, Set Aside, or Correct Sentence *without prejudice* to allow Petitioner to submit another Motion in the event that he is successful in his efforts to vacate his state convictions.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 361) is **DENIED** without prejudice.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is **DENIED**.

A separate Order follows.

Dated:          July 27, 2022

/s/
_____

Richard D. Bennett
United States District Judge